

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| John Nunez,<br><br>                          Plaintiff,<br>    -v-<br><br>Manhattan Parking System, Inc.,<br>Manhattan Parking Group LLC,<br>Midtown Parking Corp.,<br>                        Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>Jury Trial Demanded |

Plaintiff John Nunez, ("Plaintiff"), by Abdool Hassad, his attorney, complaining of the Defendants, respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216 (b), that he is: (i) entitled to unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay, and (ii) entitled to liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including § 216(b)

2. Plaintiff further complains, that he is: (i) entitled to unpaid wages from Defendants for overtime worked for which he did not receive any premium pay; and (ii) is entitled to liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover his unpaid wages under Article 6 of the New York Labor Law including Section 191 and is entitled to liquidated damages/penalties and attorneys' fees pursuant to Section 198 of the New York Labor Law.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and

supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff John Nunez ("Plaintiff" or "Nunez") is an adult, over eighteen years old, who currently resides in Orlando Florida.

8. Upon information and belief, Defendant **MANHATTAN PARKING SYSTEM, INC.**, ("Manhattan Parking System" or "MPG") is a domestic business corporation organized and existing on the laws of the State of New York.

9. Upon information and belief, Defendant Manhattan Parking System maintains offices at 277 Park Avenue, New York, NY 10172.

10. Upon information and belief, Defendant Manhattan Parking System also maintained offices at 545 Fifth Avenue, Suite 310, New York, NY 10017.

11. Upon information and belief, **Mr. MARTIN MEYERS** is the Chairman or Chief Executive Officer of Defendant Manhattan Parking System.

12. Upon information and belief, Defendant **MANHATTAN PARKING GROUP LLC** ("Manhattan Parking Group" or "MPG") is a domestic limited liability company, duly organized and existing under the laws of the State of New York.

13. Upon information and belief, Defendant Manhattan Parking Group maintains offices at 545 Fifth Avenue, Suite 310, New York, NY 10017.

14. Upon information and belief, **Mr. LAWRENCE LIPMAN** is the Chairman or Chief Executive Officer of Defendant Manhattan Parking Group.

15. Upon information and belief, Defendant **MIDTOWN PARKING CORP.**, ("Midtown Parking") is a domestic business corporation organized under the laws of the State of New York.

16. Upon information and belief, Defendant Midtown Parking garage is located at 575 Lexington Avenue, New York, New York with offices at 545 Fifth Avenue, New York, NY 10017.

17. Upon information and belief, Defendant Midtown Parking is a parking garage, that at all relevant times herein, was owned, controlled, managed and operated by Defendant Manhattan Parking System and/or Defendant Manhattan Parking Group.

18. Upon information and belief, and at all relevant times herein, Defendant Manhattan Parking System and Defendant Manhattan Parking Group owned, controlled, managed, and operated numerous parking garages in and around New York City of which Defendant Midtown Parking was one.

19. Upon information and belief, Defendant Midtown Parking, at all relevant times herein, existed in name only, and all employer functions were performed by Defendant Manhattan Parking System and/or Manhattan Parking Group as to employees like Plaintiff who worked at the Midtown Parking garage at 575 Lexington Avenue in New York City.

20. The relevant times herein, refers to the two year period, the three year period, and the six year period prior to the filing of this complaint.

21. Defendant Manhattan Parking System, Defendant Manhattan Parking Group and Defendant Midtown Parking are hereinafter collectively referred to as Defendants.

22. At all relevant times herein, Plaintiff was employed by Defendants, individually and jointly.

23. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

24. Upon information and belief, Defendants is engaged in the business of parking lot and parking garage services to the public.

25. Plaintiff was employed by Defendants for about fifteen years ending on or about April 10, 2007.

26. Plaintiff was employed by Defendants to perform manual work as a parking lot attendant/working manager at the Midtown Parking garage in New York County, State of New York.

27. Throughout the period of his employment with Defendants and at all relevant times herein, Plaintiff's primary function was to park and retrieve automobiles for customers of Defendants.

28. Throughout the period of Plaintiff's employment with Defendants, and at all relevant times herein, Defendants paid Plaintiff on an hourly basis.

29. Plaintiff's last rate of pay while an employee of Defendants was approximately $13.25/hr.

30. Throughout his employment with Defendants, and at all times relevant herein, Plaintiff worked more than forty (40) hours in a week for Defendants in some or all weeks, but was not paid at a rate of 1.5 times his regular rate for <u>each</u> hour worked in excess of forty hours in a week.

31. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff an

overtime rate of 1.5 times his regular rate of pay for all hours worked in excess of forty hours in each week when such overtime was worked.

32. During the period of his employment with Defendants, Plaintiff was routinely paid for less hours than he worked in a week. For example, if Plaintiff worked 60 hours, he was paid for less hours, say 45 hours, for that week.

## AS AND FOR A FIRST CAUSE OF ACTION – Unpaid Overtime
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

33. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

34. At all times relevant herein, Plaintiff was employed by Defendants, jointly and individually, within the meaning of the FLSA - 29 U.S.C § 201 et Seq.

35. At all times relevant herein, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

36. At all times relevant herein, Defendants, upon information and belief, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

37. Upon and information and belief, and at all times relevant herein, the garage at 575 Lexington Avenue where Plaintiff worked for Defendants, generated revenue of about $2,000 to $3,000 per day during the week from the general public plus $1000 to $1,500 in revenue from parking services provided to persons associated with the nearby Marriott hotel, and on the weekend, it generated between $5,000 and $7, 000 approximately.

38. At all times relevant herein, and upon information and belief, Defendants MPS and MPG also earned revenue from the many other parking garages they owned and/or operated.

39. Upon information and belief, at all times relevant herein, Defendants conducted business with vendors and other businesses outside the State of New York.

40. Upon information and belief, at all times relevant herein, Defendants conducted business outside the State of New York involving computer support services and payroll support services.

41. Upon information and belief, and at all times relevant herein, Defendants as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

42. Upon information and belief, and at all times relevant herein, Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

43. Upon information and belief, and at all times relevant herein, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

44. Upon information and belief, and at all times relevant herein, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail and telephone systems.

45. **At all times relevant herein, Defendants <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour he worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207**.

### Relief Demanded

46. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, attorneys'

fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION – Unpaid Overtime
## NEW YORK MINIMUM WAGE ACT NYLL 650 et Seq.

47. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 46 above as if set forth fully and at length herein.

48. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

49. **At all times relevant to this action, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour he worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.**

### Relief Demanded

50. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, twenty-five (25%) percent liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW § 190, 191 and 198

51. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 50 with the same force and effect as if fully set forth at length herein.

52. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191 and 198 and the applicable regulations thereunder.

7                                                                                                      7

53. Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191 and 198 by failing to pay Plaintiff all his overtime wages (FLSA and NYMWA), as required by and within the time specified in NY Labor Law § 190 et seq. specifically including NY Labor Law § 191.

### Relief Demanded

54. Due to Defendants' New York Labor Law Article 6 violations including violation of section 191, Plaintiff is entitled to recover from Defendant, his entire unpaid overtime compensation, plus twenty-five percent liquidated damages given the willful nature of Defendants' violation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

55. Declare Defendants to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act and the Regulations thereunder.

56. Award Plaintiff his unpaid overtime wages due under the FLSA and NYLL and the Regulations thereunder as well wages due under Article 6 of the NYLL.

57. Award Plaintiff prejudgement interest on all monies due.

58. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the PRAYER FOR RELIEF, in addition to the relief requested in the PRAYER FOR RELIEF.

59. Award Plaintiff an additional equal amount as liquidated damages because of Defendants' failure to pay overtime pursuant to 29 U.S.C. § 216 and an additional amount of twenty-five (25) percent as liquidated damages/penalties under Section 663 and Section 198 of New

York State Labor Law due to Defendants' willful failure to pay all overtime and regular wages due.

60. Award Plaintiff the costs of this action together with reasonable attorneys' fees pursuant to applicable laws including the Fair Labor Standards Act 29 USC § 216(b), Section 198, and Section 663 of the New York State Labor Law.

61. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Jamaica, New York**
      **May 31, 2007**

Respectfully submitted,

*/s/ Abdool Hassad*

By: Abdool Hassad, Esq. (AH6510)
*Counsel for Plaintiff*
175-61 Hillside Avenue, Suite 306
Jamaica, NY 11432
Tel: (718) 725-2820
Fax: (718) 468-3894