UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

John Nunez,

                **Plaintiff,**                      **07 Civ. 4629**

       - against -

Manhattan Parking System, Inc., Manhattan Parking
Group LLC, and Midtown Parking Corp.,

                **Defendants.**

-------------------------------------------------------------------X


## MEMORANDUM OF LAW


MEIER FRANZINO & SCHER, LLP
Attorneys for Plaintiff
570 Lexington Avenue, 26th Floor
New York, New York 10022
(212) 759-9770

By:    Davida S. Scher, Esq.

# TABLE OF CONTENTS

**Page**

Table of Authorities……………………………………………………...…………………………………….. ii

Introduction……………………………………………………...…………………………………. 1

**Argument**

    **Point I.**

        **The claim under New York Labor Law is barred by the collective bargaining agreement**

        A.    **The collective bargaining agreement provided a remedy for grievances including overtime pay………………...…………………….2**

        B.    **The claims under New York Labor Law are deemed abandoned…....5**

    **Point II.**

        **Plaintiff cannot sue entities which did not employ him….…………………………………………………...……6**

    **Point III.**

        **The Complaint is barred by the Statute of Limitations………..……………7**

Conclusion………………………………………………………...…………….8

# TABLE OF AUTHORITIES

***Cases***

Bowrin v. Catholic Guardian Society, 417 F.Supp.2d 449, 475 (S.D.N.Y. 2006)....................8

Cespuglio v. Ward, 2004 WL 1088235 (S.D.N.Y. May 13, 2004)....................…..…….3,5

Debejian v. Atlantic Testing Laboratories, Ltd., 64 F.Supp.2d 85 (S.D.N.Y. 1999).................8

Garcia v. Allied Parking Systems et al, 300 A.D.2d 219, 752 N.Y.S.2d 316 (1st Dept 2002)......4

Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 33 (1961)....................…..…..6

Gustafson v. Bell Atlantic Corp., 171 F.Supp.2d 311 (S.D.N.Y. 2001)...............…..…..6

Herman v. RSR Security Services, Ltd., 172 F.3d 132, 139 (S.D.N.Y. 1999)...............…..6

Salamea v. Macy's East, Inc., 426 F.Supp.2d 149 (S.D.N.Y. 2006)...............…..2

Tran v. Tran, 54 F.3d 115 (2nd Cir. 1994).......................................…...6

Vera v. Saks & Co., 218 F.Supp.2d 490 (S.D.N.Y. 2002), aff'd 335 F.2d 109 (2nd Cir. 2003)...5,6

***Statutes***

Federal Rule of Civil Procedure 12(b)(6)..............................................1,2

New York Code of Rules & Regulations §142-2.2.......................................1

New York Labor Law §191...................................................…...1,2,4

New York Labor Law §193....................................................5

New York Labor Law §198....................................................1,2

New York Labor Law §650....................................................1

New York Labor § 663(1).....................................................…..2

United States Code § 255(a)....................................…...........…..1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

John Nunez,

                Plaintiff,                    07 Civ. 4629
                                                          ( Koeltl, J)

      - against -

Manhattan Parking System, Inc., Manhattan Parking
Group LLC, and Midtown Parking Corp.,

                Defendants.

------------------------------------------------------------------X


## INTRODUCTION

       This Memorandum of Law is respectfully submitted on behalf of defendants'

motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the

following grounds:

1. Failure by plaintiff to exhaust administrative remedies with respect to any and all claims pled under New York State Labor Law 650 et seq., 12 NYCRR 142-2.2 and New York Labor Law 191 and 198 (hereinafter collectively referred to as "New York Labor Law").

2. Statute of Limitations under Fair Labor Standards Act ("Fair Labor"), 29 U.S.C. Section 255(a)

3. Lack of standing to sue any of the defendants aside from Midtown Parking Corp. ("Midtown Parking") as plaintiff was not employed by any of the other defendants.


       The facts are as stated in the Affidavit of Lawrence Lipman ("Lipman

Affidavit") and will be repeated here only as necessary. The terms are as defined in the

Lipman Affidavit.

       The Complaint includes three counts. The first count alleges under Fair Labor

that defendants willfully failed to pay overtime wages to plaintiff over the course of a two or three year period prior to the filing of the Complaint and demands alleged unpaid overtime compensation, liquidated damages and attorneys' fees.  The first count includes a request for damages related to alleged willful behavior by defendants warranting an extension of the Statute of Limitations from two to three years. The second count alleges that defendants willfully failed to pay overtime wages in violation of Section 663(1) of the New York Labor Law. The third count alleges that defendants failed to pay overtime wages in violation of Sections 191 and 198 of the New York Labor Law.

The count under Fair Labor is defective in that plaintiff has included defendants who did not employ him in any capacity. It is further defective in that it seeks relief for a three year period without the requisite allegations of intent. The second and third counts under New York Labor Law are barred by plaintiff's own failure to bring any grievance concerning overtime pay before his union representative.

The second and third counts should be dismissed in their entirety; that part of the first count seeking damages for willful violation of Fair Labor should be dismissed. The entire Complaint should be dismissed as to each defendant aside from Midtown Parking as plaintiff was solely employed by Midtown Parking and not by any other defendant  at all times mentioned in the Complaint.

## POINT I
## THE CLAIM UNDER NEW YORK LABOR LAW IS BARRED BY THE COLLECTIVE BARGAINING AGREEMENT

### A.    THE COLLECTIVE BARGAINING AGREEMENT PROVIDED A REMEDY FOR GRIEVANCES INCLUDING OVERTIME PAY

Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the claims under certain New York Labor Law statutes. On a motion to dismiss, all of the facts in the Complaint are presumed to be true. See Salamea v. Macy's East, Inc., 426 F.Supp.2d 149 (S.D.N.Y. 2006) ( Koeltl, J). A motion to dismiss for failure to state a

claim may be granted where there is no set of facts which a plaintiff could plead which state claims. See Cespuglio v. Ward, 2004 WL 1088235, p.3(S.D.N.Y. May 13, 2004) (holding that a court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

At all times mentioned in the Complaint, plaintiff was covered by the Union Contract executed in 1994 which included working managers as members of the Garage Employees Union Local 272.   As a working manager, plaintiff was a covered employee. See Union Contract annexed to Lipman Affidavit as Exhibit A at Article IV. Further, the Union Contract provides that the union is the exclusive entity by which employees may settle any grievances with their employer. See Article XI. Under the Union Contract, the employer is required to grant the union representative access to the premises to "ascertain whether safety standards are maintained or whether the terms and conditions of this Agreement are being observed". Article XI (4). The Union Contract specifically includes an entire provision on overtime wages. See Article XV.

The Union Contract further provides at Article XII(3), "In the event an Employer fails to pay wages when due...., the Union shall have the right to call an immediate work stoppage or strike.."

The Union Contract covering employees in all parking garages in New York City provides a grievance procedure to be followed by any covered employee for any type of grievance related to his or her employment. Pursuant to the Union Contract at Article XX,

"If a dispute, claim, grievance or difference shall arise between the Union and Employer about the interpretation or application of a particular clause of this Agreement or about an alleged violation of a particular provision of this Agreement (such dispute, claim, grievance, or difference is hereinafter referred to as a 'grievance'), such grievance shall be handled as follows:

    (a) The party asserting the  grievance must submit the grievance in writing to the other party within ten(10) calendar days (I) after the occurrence of the incident or event giving rise to the grievance; or (II) the date the Employee with reasonable diligence should have known of the grievance.

    (b) The Union and the Employer and/or Association shall meet at the Union office within fifteen (15) calendar days of the date on which the grievance was submitted. In the event the Employer fails to appear for a scheduled meeting without prior notice to the Union, this step shall be deemed waived and the grievance may be submitted directly to arbitration....

2.(a) In the event the Union and the Employer and/or Association fail to meet in a

timely manner or meet and fail to resolve the grievance within twenty (20) calendar days of the date the grievance was submitted, either party may submit the grievance to arbitration no later than forty-five (45) calendar days after the grievance was submitted."

In the event that the Union and the Employer cannot resolve a grievance, that grievance is then submitted to a binding arbitration. See Article XX 2 (b). Failure to follow the grievance procedures in the Union Contract results in abandonment of the grievance.

Thus, the Union Contract has outlined a clear procedure for remediation of complaints regarding overtime compensation (or any other complaints against the Employer for that matter). The Union Contract procedure is specifically designed to afford a quick resolution of disputes between employees and Midtown Parking.

In the Complaint, plaintiff failed to plead that he brought the issue of his alleged overtime pay before his union and did not have a satisfactory resolution of the grievance. The Complaint is silent on this point.

As noted in the Lipman Affidavit, there was no record of any grievance by plaintiff with regard to overtime pay in the records of Midtown Parking nor were any union representative aware of such grievance.  Midtown Parking was never involved in any grievance procedure with the union regarding alleged overtime compensation due plaintiff. It is, thus, clear from the failure to plead exhaustion of administrative remedies in the Complaint and from Mr. Lipman's Affidavit that plaintiff never brought the issue of alleged overtime pay to the attention of his union as he was obligated to do under the Union Contract.

Courts have held that parties to a collective bargaining agreement including an arbitration clause are obligated to initially utilize that procedure rather than resort to judicial intervention. See Salamea at 155 holding that ("when a collective bargaining agreement exists, claims against employers for unpaid wages under New York Labor Law Section 198 are preempted by 301")(citations omitted); see also Garcia v. Allied Parking Systems et al, 300 A.D.2d 219, 752 N.Y.S.2d 316 (1st Dept 2002) (dismissing a claims initiated under New York Labor Law Section 191 where a collective bargaining agreement provided a schedule for the overtime pay claimed by that plaintiff; a determination then of the application of the provisions of the collective bargaining agreement to plaintiff's employment circumstances was a matter

for arbitration and not judicial determination).

The Union Contract provides a grievance mechanism and a schedule for overtime wages. Any judicial determination of plaintiff's alleged right to overtime pay would, of necessity, require an interpretation of the Union Contract. "If employees could sue under section 301 in federal courts in the first instance, mandatory grievance or arbitration procedures would be meaningless." Cespuglio at 4. Here, as in Salamea and Garcia, the question of the interpretation of a union contract resides with the arbitration mechanism provided by that union contract and not with the courts.

## B. THE CLAIMS UNDER NEW YORK LABOR LAW ARE DEEMED ABANDONED

Under Article XX of the Union Contract, an employee who fails to abide by the union grievance procedure will be held to have abandoned any claims. Thus, plaintiff is barred by his failure to abide by the terms of the Union Contract from bringing any claims under New York Labor Law.

This is a well settled point of law. In Vera v. Saks & Co., 218 F.Supp.2d 490 (S.D.N.Y. 2002), aff'd 335 F.2d 109 (2nd Cir. 2003) (Koeltl, J), this Court dismissed a similar type of claim under New York Labor Law Section 193. In the Vera case, plaintiff contended that improper deductions were taken from his paycheck amounting to a violation of New York Labor Law Section 193. In dismissing the complaint, this Court held "Section 301 of the Labor Management Relations Act preempts not only claims alleging that a party violated a provision of the collective bargaining agreement but also those state law actions that require interpretation or substantial analysis of the terms of a collective bargaining agreement. In essence, plaintiff's claim is to be interpreted as a Section 301 claim. (citations omitted). Consequently, interpretation of the arbitration clause and grievance procedures contained within the collective bargaining agreement is governed by federal law. Whether the plaintiff was first required to exhaust his claims in a grievance proceeding is a matter to be determined by this Court and not by the arbitrator". Id at 493-494.

This Court further held that " ....claims for violations of state law labor laws that were encompassed by the term of grievance provisions of collective bargaining agreements were required to be arbitrated and that lawsuits alleging such violations should be dismissed (citations omitted)." Id at 494; see also Tran v. Tran, 54 F.3d 115 (2nd Cir. 1994) (which affirmed the summary judgment dismissal of an employee's overtime claims under New York Labor Law).

The Complaint is silent on the issue of bringing the alleged grievance concerning overtime pay before the union. The Lipman Affidavit states that no such intervention was ever sought by plaintiff. It is undisputed that plaintiff failed to follow the clearly outlined grievance procedures in his union contract. His claims under New York Labor Law should be dismissed.

## POINT II

## PLAINTIFF CANNOT SUE ENTITIES WHICH DID NOT EMPLOY HIM

Pursuant to Fair Labor, an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee" 20 U.S.C. Section 203(d). As stated by Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 33 (1961), the factors used to determine whether a corporation or individual is an employer are tied to the economic reality of the relationship- i.e. whether a party had the power to hire or fire the employee; whether a party supervised and controlled scheduling and conditions of employment and whether a party determined rates of pay for the employee. See also Herman v. RSR Security Services, Ltd., 172 F.3d 132, 139 (S.D.N.Y. 1999).

In the case at bar, plaintiff has chosen to sue entities which did not employ him. As noted in the Lipman Affidavit, plaintiff was employed exclusively by Midtown Parking at its 575 Lexington Avenue, New York, New York location at all times mentioned in the Complaint. It is axiomatic that a party cannot sue an entity for an alleged failure to pay overtime compensation when that entity did not pay him at all. See generally Gustafson v. Bell Atlantic Corp., 171 F.Supp.2d 311 (S.D.N.Y. 2001).

6

The economic reality of plaintiff's situation is clear in this case. Annexed as Exhibit A to the Lipman Affidavit is a copy of a payroll check received and endorsed by plaintiff. The payor on the check is Midtown Parking; Midtown Parking controlled the location (575 Lexington Avenue, New York, New York) where plaintiff worked at all relevant times mentioned in the Complaint.

The remaining defendants should be dismissed as a matter of law as these defendants were not employers under Fair Labor.

## POINT III

## THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff's Complaint alleges that he is entitled to extend the scope of the Statute of Limitations under Fair Labor from two to three years due to willful behavior by all defendants. That is not the case. As demonstrated in the Lipman Affidavit and the Union Contract annexed thereto, the relationship of these parties was governed by a comprehensive collective bargaining agreement. The Union Contract provides the exclusive mechanism by which any and all grievances which plaintiff had against Midtown Parking were to be brought to the attention of Midtown Parking. Since the grievance procedure under the Union Contract was never initiated by plaintiff and defendants followed the procedures therein, any claims of willful disregard of the Fair Labor are meritless.

The only actual allegation contained in the Complaint concerning the alleged willful violation is at paragraph 31 which states as follows:

"At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked in excess of forty hours when such overtime was worked."

The check annexed to the Lipman Affidavit indicates that plaintiff was routinely paid for a 45 hour work week. The existence of the Union Contract, the check representing pay for a 45 hour work week and the failure of plaintiff to bring this issue before the Union mitigate against any willfulness as a matter of law.

In Bowrin v. Catholic Guardian Society, 417 F.Supp.2d 449, 475 (S.D.N.Y. 2006), this Court found that a claim sounding in willfulness was not appropriate as a matter of law finding that "Willfulness cannot be found on the basis of mere negligence or 'on a completely good faith but incorrect assumption that a pay plan complied with FLSA in all respects' " (citations omitted); see also Debejian v. Atlantic Testing Laboratories, Ltd., 64 F.Supp.2d 85 (S.D.N.Y. 1999) (holding that plaintiff's failure to demonstrate reckless disregard of Fair Labor indicated that a two rather than three year Statute of Limitations applied to claims).

Since the requisite allegations of willfulness are absent from the Complaint, the Statute of Limitations should not be extended to three years under the first count of the Complaint.

**CONCLUSION:** For all of the reasons heretofore stated, the second and third counts should be dismissed in their entirety; all defendants except from Midtown Parking Corp. should be dismissed from the Complaint and the Statute of Limitations should be limited to two years under the first count.

MEIER FRANZINO & SCHER, LLP.

By: _____
Davida S. Scher (S.S. #9025)
570 Lexington Avenue, 26th Floor
New York, New York 10017
(212) 759-9770

`

8